GUILLERMO GARCIA *et al.,* Plaintiffs-Appellants, v. METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant-Appellee.

First District (6th Division)   No. 1—95—1336

Opinion filed May 31, 1996.

Marty J. Schwartz, of Chicago, for appellants.

Mark B. Ruda and Jeffrey W. Anderson, of Chicago, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

On November 18, 1994, plaintiffs Guillermo Garcia and Martha Garcia filed this action seeking a declaratory judgment concerning a policy of insurance issued by defendant Metropolitan Property and Casualty Insurance Company (Metropolitan). The policy was issued for one year on a four-flat building in Cicero, Illinois. Plaintiffs sought declaratory judgment that the policy was in effect on the date of a fire loss, despite Metropolitan's subsequent attempt to rescind the policy. Plaintiffs appeal from the dismissal of their complaint with prejudice pursuant to section 2—619 of the Code of Civil Procedure for failure to file an action on the policy within 12 months of the date of loss as required by the policy. 735 ILCS 5/2—619(a)(9) (West 1994). On appeal, plaintiffs contend they were not required to comply with the conditions precedent in the policy after Metropolitan wrongfully rescinded the policy.

Plaintiffs alleged in their complaint for declaratory judgment that on May 13, 1993, Guillermo Garcia submitted an application to Metropolitan for insurance on a building at 1939 South 48th Court in Cicero, Illinois. Effective May 14, 1993, Metropolitan issued its policy of insurance for one year from May 14, 1993, to May 14, 1994. A fire occurred on August 23, 1993, substantially damaging the building. On February 17, 1994, Metropolitan notified plaintiffs it was rescinding the policy because plaintiffs had misrepresented the number of units in the building as four rather than six. Metropolitan said it would treat the policy as void from inception. Plaintiffs alleged Metropolitan had no right to cancel the policy because the application did not request the number of units in the building, the existence of alleged additional units in the basement was not material in light of their minimal value, and any statement regarding the existence of the basement was not made with actual intent to deceive.

Metropolitan's motion to dismiss stated that on February 17, 1994, it advised plaintiffs by letter that it was rescinding the policy on the basis of a material misrepresentation. Metropolitan also stated that the insurance policy required plaintiffs to file suit within one year of the date of loss, August 23, 1993, and plaintiffs' suit of November 18, 1994, was therefore untimely. Metropolitan stated that because plaintiffs sought a declaration of their rights under the policy, their action was predicated on the policy and they were bound by its terms, including the 12-month limitation on filing suit.

Plaintiffs filed a response contending the motion to dismiss should be denied because an insurer waives all conditions precedent contained in its policy when it has wrongfully rescinded the policy or otherwise wrongfully refused coverage. Plaintiffs alleged when they entered into a contract to purchase the four-flat building, the appraisal stated the basement was previously used as an apartment unit but had been "deconverted" and had minimal value. They also noted Metropolitan's application did not request the number of units in the building. Plaintiffs also stated the rescission was invalid because it failed to comply with section 154 of the Insurance Code (215 ILCS 5/154 (West 1994)), which precludes an insurer from voiding a policy of insurance unless the misrepresentation materially affects the risk accepted by the insurer, is made with intent to deceive, and is stated in the application for insurance or in the policy.

Metropolitan filed a reply stating that plaintiffs had not denied that they failed to comply with the 12-month limitation on filing suit; thus, the issue of whether Metropolitan correctly rescinded the policy should not even be reached.

The trial court found the 12-month limitations period in the

policy was statutory in nature since it was part of the standard fire insurance policy in Illinois. As such, the court concluded that Metropolitan could not be deemed to have waived its rights. Accordingly, the court dismissed the suit with prejudice as untimely.

■ The purpose of a section 2—619 motion is to provide a mechanism to dispose of issues of law or easily proved issues of fact. *Joseph v. Collis*, 272 Ill. App. 3d 200, 206 (1995). The question on appeal from a section 2—619(a)(9) dismissal is whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether the dismissal was proper as a matter of law. *Zedella v. Gibson*, 165 Ill. 2d 181, 185-86 (1995). In this regard, we note that the trial court did not rule on the merits of plaintiffs' claim that Metropolitan had no right to rescind the policy. Instead, the court found plaintiffs had filed suit on the policy without complying with the 12-month limitations period.

■ Compliance with a 12-month contractual limitations provision, like the one here, is "a condition precedent to recovery under a policy of insurance" and breach of such a provision "precludes the insured's recovery under the policy and renders his suit subject to dismissal." *Foamcraft, Inc. v. First State Insurance Co.*, 238 Ill. App. 3d 791, 794 (1992). In *Foamcraft, Inc.*, the plaintiff reported a loss to the defendant for damages to its premises sustained by a windstorm that occurred on April 6, 1988. Twice the defendant denied the plaintiff's claim. On December 1, 1989, the plaintiff filed a complaint against the defendant for breach of contract. The defendant filed a motion to dismiss under section 2—619(a)(5) of the Code of Civil Procedure, asserting that under the 12-month limitations provision of the policy, the plaintiff was barred from bringing the suit. The circuit court granted the defendant's motion to dismiss. The appellate court affirmed. *Foamcraft, Inc.*, 238 Ill. App. 3d at 796.

The appellate court reasoned that after two denials of its claim, the plaintiff was clearly put on notice that the defendant would not pay its claim. At that time, the plaintiff had four months remaining within which it could have filed a timely suit, but did not do so. Having failed to take action to preserve its rights under the policy by filing suit, the court held the plaintiff's suit was properly dismissed. *Foamcraft, Inc.*, 238 Ill. App. 3d at 794-95.

The court rejected the plaintiff's contention that the defendant should be estopped from raising the limitations provision of the policy. The court held that an insurer's conduct is typically found to amount to estoppel where there are a concession of liability by the insurer, advance payments by the insurer to the insured in contemplation of eventual settlement, and statements by the insurer which

encourage the insured to delay filing his action. *Myers v. Centralia Cartage Co.*, 94 Ill. App. 3d 1139, 1143 (1981); *Village of Lake in the Hills v. Illinois Emcasco Insurance Co.*, 153 Ill. App. 3d 815, 817 (1987). Because there was no evidence of the above circumstances, the court found the plaintiff's argument to be unavailing. *Foamcraft, Inc.*, 238 Ill. App. 3d at 795.

Similarly, in the case *sub judice*, plaintiffs sent defendant notice that on August 23, 1993, the insured premises were damaged by fire. On February 17, 1994, defendant sent a letter to plaintiffs, advising them it was rescinding the policy on the basis of fraudulent misrepresentation. In order to comply with the 12-month limitations clause set forth in the policy, plaintiffs had until August 23, 1994, to file a lawsuit against defendant for coverage. Plaintiffs, however, waited until November 18, 1994, to file suit.

Plaintiffs have offered no evidence that defendant initially conceded liability, provided advance payment to them in contemplation of settlement, or made statements to encourage plaintiffs to delay filing a lawsuit. After defendant denied plaintiffs' claim and notified them that it was rescinding the policy, plaintiffs had six months within which to file a timely suit. Unlike a situation where an insurer's conduct could reasonably lead an insured to delay filing suit, Metropolitan's flat denial of payment of claim is the precise conduct which would cause plaintiffs to file suit. Therefore, we hold, in accord with *Foamcraft, Inc.*, that plaintiffs' failure to file a timely suit, despite knowledge that defendant would not pay the claim, properly resulted in dismissal of plaintiffs' suit.

The cases cited by plaintiffs are distinguishable in that they do not involve an insured's failure to comply with the 12-month limitations period on filing suit. For example, *Navlyt v. State Farm Fire & Casualty Co.*, 62 Ill. App. 3d 387 (1978), involved the insured's failure to forward summons to the insurer as required by the policy. *Crest v. State Farm Mutual Automobile Insurance Co.*, 20 Ill. App. 3d 382 (1974), dealt with a policy provision barring the insured from making an independent settlement with a third-party claimant. *Dinn Oil Co. v. Hanover Insurance Co.*, 87 Ill. App. 2d 206 (1967), involved the insured's alleged violation of the subrogation clause in the policy. And *Tarzian v. West Bend Mutual Fire Insurance Co.*, 74 Ill. App. 2d 314 (1966), involved the failure to file proof of loss within the prescribed period of time.

Although one case cited by plaintiffs, *Welch v. Northern Assurance Co.*, 223 Ill. App. 77 (1921), does deal with the limitations period, the facts in that case are distinguishable. In *Welch*, the plaintiff brought suit for damages based on the failure of the insurer to exe-

cute an insurance policy in conformity with its oral agreement. The *Welch* case differs from the case *sub judice* in that no policy had been issued in that case. Here, it is undisputed that an insurance contract was indeed issued.

For the above reasons, we affirm the judgment of the circuit court granting defendant's motion to dismiss.

Affirmed.

ZWICK, P.J., and McNAMARA, J., concur.