D.M., by his Mother and Next Friend, C.H., Plaintiff-Appellant, v. NATIONAL SCHOOL BUS SERVICE, INC., Defendant (The Special Education District of Lake County, Defendant-Appellee).

Second District   No. 2—98—0713

Opinion filed June 18, 1999.

Keith L. Young, of Chicago, for appellant.

John G. Foreman, of Spesia, Ayers, Ardaugh & Wunderlich, of Joliet, for appellee.

PRESIDING JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, D.M., attended school at a public facility operated by defendant Special Education District of Lake County (SEDOL). SEDOL assigned its students to be transported to and from school by various buses, each of which traveled a different route. The buses were operated by defendant National School Bus Service, Inc. (NSBS), which is not a party to this appeal.

Plaintiff sued defendants to recover damages for injuries that were allegedly inflicted upon him by another student while he was riding his bus home from school. Count II of plaintiff's amended complaint alleged that SEDOL willfully and wantonly assigned him to ride a bus with his assailant, who was known to have previously abused him, and that SEDOL willfully and wantonly failed to protect plaintiff from that known danger. As a result, plaintiff alleged, plaintiff suffered serious physical harm. SEDOL moved to dismiss count II pursuant to section 2—619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(9) (West 1996)). SEDOL claimed, *inter alia*, that it was entitled to immunity under section 2—201 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/2—201 (West 1996)). The trial court granted SEDOL's motion and dismissed count II with prejudice.

Pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), the court entered an order finding no just reason to delay the enforcement or appeal of its order dismissing count II. Plaintiff now appeals to this court, arguing that neither section 2—201 of the Tort Immunity Act nor any other applicable law makes SEDOL immune to plaintiff's complaint. We affirm.

■ A dismissal based on section 2—619 of the Code of Civil Procedure must be reviewed *de novo*. *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383 (1997). Plaintiff first argues that the trial court misapplied section 2—201 of the Tort Immunity Act to afford immunity to SEDOL.

■ Section 2—201 states as follows:

"Except as otherwise provided by Statute, a public employee

serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2—201 (West 1996).

Plaintiff initially suggests that this section does not immunize a public employee who causes injury through willful and wanton conduct, such as that alleged by plaintiff. Despite earlier holdings that agreed with that assertion, the supreme court recently ruled that only the explicit language of the statute can limit the immunity provided. *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 196 (1997). Because section 2—201 does not explicitly exclude willful and wanton conduct from its coverage, it encompasses the acts alleged here.

Plaintiff correctly states that the section affords immunity to a public employee only if his alleged wrongful act or omission was both a determination of policy and an exercise of discretion. *Harinek v. 161 North Clark Street Ltd. Partnership*, 181 Ill. 2d 335, 341 (1998). Plaintiff apparently concedes that SEDOL is staffed by public employees, but he argues that SEDOL's act of assigning him, without protection, to a bus with a student who posed a known risk to him was not both a policy determination and a discretionary act. Therefore, plaintiff concludes, section 2—201 provides no immunity to SEDOL.

■ The Tort Immunity Act does not offer statutory definitions of the concepts of "policy" and "discretion," and courts have therefore continued to employ common-law definitions. See *Snyder v. Curran Township*, 167 Ill. 2d 466, 473 (1995). A determination of policy is one that requires the balancing of competing interests and the making of a judgment as to what solution will best serve each. *West v. Kirkham*, 147 Ill. 2d 1, 11 (1992).

In *Harinek*, for example, the plaintiff alleged that, during a fire drill, a city fire marshal negligently directed her to stand near a heavy door without warning her of the possibility of injury. As a result, the plaintiff alleged, she was hit and injured by the door during the drill. *Harinek*, 181 Ill. 2d at 338. The supreme court ruled that the fire marshal's decisions about where individuals should be placed and what warnings should be given were made through a balancing of "various interests which may compete for the time and resources of the [fire] department, including the interests of efficiency and safety." *Harinek*, 181 Ill. 2d at 342. Therefore, the court concluded, the public employee made a determination of policy within the meaning of section 2—201. *Harinek*, 181 Ill. 2d at 343.

We conclude that SEDOL's alleged wrongful act was a similar determination. Contrary to plaintiff's suggestion, we do not perceive the

process by which a school decides which students to assign to each bus to be a simple one. The school must presumably consider a variety of factors, such as the number of available buses and drivers, the distance each bus would travel, the number of students who live in each surrounding neighborhood, the capacity of each bus, local traffic patterns, and so on. See *Posteher v. Pana Community Unit School District No. 8*, 96 Ill. App. 3d 709, 713 (1981). The school must then reach a decision that fulfills a set of seemingly incompatible objectives, including speed, safety, and cost-effectiveness. This is a complex calculus that clearly requires the balancing of competing interests and the making of a judgment that will satisfy them most efficiently. Therefore, SEDOL's decision to assign plaintiff as it did was a determination of policy.

Plaintiff also contends that SEDOL's act was not an exercise of discretion but rather a merely ministerial act that deprived it of immunity under section 2—201. See *Harinek*, 181 Ill. 2d at 341.

> "[D]iscretionary acts are those which are unique to a particular public office, while ministerial acts are those which a person performs on a given state of facts in a prescribed manner, in obedience to the mandate of legal authority, and without reference to the official's discretion as to the propriety of the act." *Snyder*, 167 Ill. 2d at 474.

Defined another way, the making of a decision about whether or how to perform an act is generally discretionary, whereas the actual mechanical performance of the act is merely ministerial. See *Herman v. Will Township*, 284 Ill. App. 3d 53, 59 (1996).

Plaintiff correctly states that SEDOL is statutorily obligated to provide transportation to all of its students who live more than 1½ miles from school. 105 ILCS 5/29—3 (West 1996). Plaintiff asserts that, by placing particular students on selected buses, SEDOL was simply carrying out this order in a ministerial fashion. However, the statute that commands a school to provide transportation offers virtually no guidance as to how it should do so. 105 ILCS 5/29—3 (West 1996); *Posteher*, 96 Ill. App. 3d at 712. Instead, a school is left to determine how best to comply with the statute, given its available resources and unique circumstances. *Posteher*, 96 Ill. App. 3d at 713. Like the fire marshal in *Harinek*, SEDOL was under no legal mandate to perform its duty in a prescribed manner; it had to weigh various options and find, on its own, the maximally efficient arrangement. *Harinek*, 181 Ill. 2d at 343. Therefore, SEDOL's ultimate decision was an exercise of discretion.

We also note that, after SEDOL determined which students would ride each bus, it engaged NSBS, a distinct entity, to carry out that decision. It was thus NSBS that performed the ministerial act of

transporting students in the manner prescribed by SEDOL. SEDOL's selection of the manner it prescribed, however, was a discretionary act. See *Snyder*, 167 Ill. 2d at 474.

Because we have determined that SEDOL's act of assigning plaintiff, without extraordinary protection, to a bus with the student who allegedly harmed him was both a determination of policy and an exercise of discretion, section 2—201 of the Tort Immunity Act provides immunity to SEDOL in this case. Therefore, plaintiff's first argument fails.

■ Plaintiff next argues that the School Code (105 ILCS 5/24—24, 34—84a (West 1996)), not the Tort Immunity Act, governs the level of immunity to which SEDOL is entitled. Section 24—24, which applies to cities with populations of 500,000 or fewer, and section 34—84a, which applies to cities with populations exceeding 500,000 (105 ILCS 5/34—1.01 (West 1996)), state in relevant part:

> "[T]eachers, other certificated educational employees, and any other person *** providing a related service for or with respect to a student shall maintain discipline in the schools, including school grounds which are owned or leased by the board and used for school purposes and activities. In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program *** and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians." 105 ILCS 5/24—24, 34—84a (West 1996).

Because these provisions confer on educators the status of parents or guardians of their students, courts have interpreted them to grant educators the same level of immunity granted to parents and guardians. Therefore, educators are not liable to their students for ordinary negligence but are liable for willful and wanton misconduct. *Kobylanski v. Chicago Board of Education*, 63 Ill. 2d 165, 170-73 (1976). Whereas plaintiff's claim alleging willful and wanton conduct was properly dismissed if section 2—201 of the Tort Immunity Act applies, his allegations would be sufficient to state a cause of action under the School Code.

Plaintiff's contention that the School Code trumps the Tort Immunity Act in this case is based on the principle that a specific statute, governing a particular subject, prevails over a more general statute that also applies. *Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190, 195 (1992). Plaintiff argues that the Tort Immunity Act, which applies to all public entities, including public schools, is more general than the School Code, which applies only to schools, both pub-

lic and private. Therefore, he concludes, the School Code's provisions must govern his claim against SEDOL.

This same argument was recently made to the supreme court by the plaintiff in *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 402 (1998) (supplemental opinion upon denial of rehearing). In an appeal from our decision in the same case (*Henrich v. Libertyville High School*, 289 Ill. App. 3d 809 (1997)), the plaintiff alleged that he was seriously injured because he was ordered to participate in a contact sport by a substitute physical education teacher at his public school, despite the fact that the school had been informed by the plaintiff's doctor that he could not safely participate in such an activity. A count of the plaintiff's complaint, alleging that the school caused his injury through willful and wanton conduct, was dismissed pursuant to section 3—108(a) of the Tort Immunity Act (745 ILCS 10/3—108(a) (West 1996)). That section provided immunity to local public entities and public employees who caused injury by failing to supervise an activity on, or the use of, any public property. 745 ILCS 10/3—108(a) (West 1996).

Like section 2—201, section 3—108(a) did not exclude willful and wanton conduct from its protection. In *Henrich*, the plaintiff argued that the School Code applies to a more specific range of cases than does the Tort Immunity Act and that, as a result, the School Code's imposition of liability for willful and wanton misconduct applied to his claim.

The supreme court stated that it did not need to reach the issue of which statute is more specific, however, because the two acts do not conflict. *Henrich*, 186 Ill. 2d at 392-93. The court observed that section 3—108(a) immunized "local public entities," the definition of which explicitly included public school districts. 745 ILCS 10/1—206 (West 1996). The School Code, meanwhile, affords immunity to both public and private schools. *Hilgendorf v. First Baptist Church*, 157 Ill. App. 3d 428, 429 (1987). The court thus concluded that, while both statutes expressly immunize educators, the legislature simply intended the Tort Immunity Act "to grant public school teachers and public school districts greater immunity than private school teachers and private schools." *Henrich*, 186 Ill. 2d at 392. Therefore, the court afforded the greater immunity of section 3—108(a) to the public school before it and affirmed the dismissal of the plaintiff's claim alleging willful and wanton conduct. *Henrich*, 186 Ill. 2d at 393-94.

■ Although this case involves section 2—201 of the Tort Immunity Act, the conclusion of *Henrich* remains binding. Section 3—108(a) expressly provided immunity to "local public entities," including public school districts. Similarly, section 2—201 immunizes

"public employees," who are simply defined as those employed by a "local public entity," such as, again, a public school district. 745 ILCS 10/1—206, 1—207 (West 1996). Thus, in keeping with the respective purposes of the School Code and the Tort Immunity Act, as set out in *Henrich*, we conclude that the immunity of section 2—201 of the Tort Immunity Act remains available to SEDOL in this case.

We note that, on December 2, 1998, the legislature gave effect to an amended section 3—108(a), expressly narrowing the scope of its provided immunity to exclude willful and wanton misconduct. Pub. Act 90—805, § 5, eff. December 2, 1998 (amending 745 ILCS 10/3—108 (West 1996)). This amendment did not affect the supreme court's conclusion that the Tort Immunity Act preempts the School Code and does not affect our application of that holding. See *Henrich*, 186 Ill. 2d at 402-06.

We observe that, in the same enactment, the legislature added the following language to section 1—210, which defines "willful and wanton conduct": "This definition shall apply in any case where a 'willful and wanton' exception is incorporated into any immunity under this Act." Pub. Act 90—805, § 5, eff. December 2, 1998 (amending 745 ILCS 10/1—210 (West 1996)). We read this amendment to confirm that only the explicit language of a section of the Tort Immunity Act can exclude willful and wanton conduct from its coverage. See *Chicago Flood Litigation*, 176 Ill. 2d at 196.

The section of the Tort Immunity Act at issue here, section 2—201 has not been amended to expressly exclude willful and wanton conduct from its scope. Thus, notwithstanding the legislature's amendment to the section at issue in *Henrich*, we must still resolve the question of whether SEDOL is entitled to the immunity provided by section 2—201, or by the School Code, in accordance with the supreme court's analysis. We determine that the purposes of both statutes are served by the application of section 2—201 to the present case, and we must reject plaintiff's second argument on that basis.

■ Plaintiff's final contention is that his claim against SEDOL is now authorized by the amended section 3—108. The amended section states, in relevant part:

"[N]either a local public entity nor a public employee is liable for an injury caused by a failure to supervise an activity on or the use of any public property unless the employee or the local public entity has a duty to provide supervision imposed by common law, statute, ordinance, code or regulation and the local public entity or public employee is guilty of willful and wanton conduct in its failure to provide supervision proximately causing such injury." Pub. Act 90—805, eff. December 2, 1998 (amending 745 ILCS 10/3—108(b) (West 1996)).

As we stated above, this section was amended to allow a plaintiff to defeat the immunity of a local public entity or public employee who causes injury by a willful and wanton failure to supervise an activity involving public property. Plaintiff argues that his complaint sufficiently alleged that SEDOL willfully and wantonly failed to supervise students on its buses and that he was injured as a result. Plaintiff contends that the amended section 3—108, which took effect on December 2, 1998, may be applied retroactively to his cause of action which, according to his complaint, arose on January 10, 1996.

The same argument was rejected by the supreme court in *Henrich*. When the legislature changes the applicable law pending an appeal, "a reviewing court should simply apply the law as it exists at the time of the appeal, unless doing so would interfere with a vested right." *First of America Trust Co. v. Armstead*, 171 Ill. 2d 282, 290 (1996). Vested rights are protected from legislative interference by the due process clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 2). *First of America Trust*, 171 Ill. 2d at 289. Although a political subdivision of a state has no due process rights, the supreme court interpreted section 1—101.1(b) of the Tort Immunity Act (745 ILCS 10/1—101.1(b) (West 1996)) to place a local public entity or public employee in the position of a private defendant. *Henrich*, 186 Ill. 2d at 405-06.

The court held that " '[a] vested ground of defense is as fully protected from being cut off or destroyed by an act of the legislature as is a vested cause of action.' " *Henrich*, 186 Ill. 2d at 404-05, quoting 16A C.J.S. *Constitutional Law* § 260(b), at 91 (1984). It determined that the school had a right to total immunity under the unamended section 3—108 that vested when the plaintiff's cause of action accrued. *Henrich*, 186 Ill. 2d at 405. Therefore, the court concluded, the amended section 3—108 could not be applied retroactively to "take that vested right away, impose a new duty on the school district, and breathe life into this previously barred claim." *Henrich*, 186 Ill. 2d at 405.

*Henrich* controls the disposition of plaintiff's final argument. Because section 3—108, as it stood when plaintiff's claim arose, immunized willful and wanton conduct, SEDOL's immunity remains intact and plaintiff's argument fails.

For these reasons, the order of the circuit court of Lake County is affirmed, and the cause is remanded for further proceedings.

Affirmed and remanded.

INGLIS and McLAREN, JJ., concur.