724 N.E.2d 6 (1999)
311 Ill. App.3d 29
243 Ill.Dec. 697
A.R., by her mother and legal guardian, M.R., Plaintiffs-Appellants,
v.
CHICAGO BOARD OF EDUCATION, Defendant-Appellee (Laidlaw Transit Inc., Defendant).
No. 1-98-2087.
Appellate Court of Illinois, First District, First Division.
December 27, 1999.
*9 Philip J. McGuire of Luce, Forward, Hamilton & Scripps LLP, Chicago, for Plaintiffs-Appellants.
Gregory G. Vacala and David Edsey of Rusin Patton Maciorowski & Friedman, Ltd., Chicago, for Defendant-Appellee.
Justice TULLY delivered the opinion of the court:
On December 29, 1997, plaintiffs, A.R., and her mother and legal guardian, M.R., filed an amended complaint against defendants, Laidlaw Transit, Inc. and the Chicago Board of Education (Board) seeking compensation for injuries sustained by A.R. as the result of an alleged sex assault by another student while on the school bus. Count I of the complaint sought recovery against Laidlaw for negligence. Counts II and III sought recovery against the Board for negligence and willful and wanton misconduct, respectively, for failing to prevent or intercede in the assault on A.R. The Board moved to dismiss Counts II and III of plaintiffs' complaint pursuant to 5/2-619(a) of the Code of Civil Procedure. 735 ILCS 5/2-619(a) (West 1997). The circuit court granted defendant's motion, holding that section 4-102 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act or Act) (745 ILCS 10/4-102) (West 1996) barred plaintiffs' claims of negligence and willful and wanton misconduct. The circuit court additionally found section 34-84(a) of the School Code (105 ILCS 5/34-84(a) (West 1996)) barred plaintiffs' negligence claim. Pursuant to Supreme Court Rule 304(a) (155 Ill.2d R. 304(a)), the court entered a finding of no *10 just reason to delay the enforcement or appeal of the order. From this dismissal, plaintiffs appeal. For the following reasons, we affirm.
Plaintiffs' complaint contained the following factual allegations. A.R. is a developmentally disabled female student who suffers from Down's Syndrome. In 1996, A.R. was enrolled in the Ray Graham Training Center, an educational facility for the developmentally disabled that was owned and operated by the Chicago Board of Education. At the time of her enrollment, bus transportation to and from the Center was provided by Laidlaw pursuant to a contract with the Board. An attendant named Homer Williams (Williams) was employed by the Board to accompany students during transport on the bus.
On July 1, 1996, A.R. was allegedly sodomized by a male student on the bus while being transported from the Center to her residence. At the time of the incident, Williams was present on the bus, but allegedly failed to prevent or intercede in the assault upon A.R. Plaintiffs' complaint asserted that the Board, through its agent Williams, had a duty to ensure the safety of the students on the bus, and negligently performed that duty when it failed to prevent or intervene in the assault on A.R. Plaintiffs' complaint also alleged the Board was guilty of willful and wanton misconduct by failing to prevent or intervene in the assault of A.R. when the Board had knowledge the male passengers on the bus were likely to commit sexual assaults on female passengers. Plaintiffs' complaint contained no specific facts to support the allegation the Board had knowledge of a propensity by male passengers to commit sexual assaults.
In dismissing plaintiffs' claims, the court characterized plaintiffs' allegations of negligence and willful and wanton misconduct against the Board as claims predicated upon a failure to prevent one student from committing a crime against another. The court therefore concluded section 4-102 of the Tort Immunity Act was applicable, and barred plaintiffs' claims of negligence and willful and wanton misconduct by disallowing recovery for failure to prevent a crime by a third party.
Similarly, applying section 34-84(a) of the School Code to plaintiffs' negligence claim, the court determined that while section 34-84(a) placed an affirmative duty upon the Board to maintain discipline among the students, that section served to immunize the Board from claims of ordinary negligence in the exercise of discipline.
Review of a trial court's order of involuntary dismissal based upon an affirmative defense is de novo. Epstein v. Chicago Board of Education, 178 Ill.2d 370, 383, 227 Ill.Dec. 560, 687 N.E.2d 1042 (1997). When reviewing the propriety of an involuntary dismissal, a reviewing court must accept as true all well-pleaded facts in the complaint and all reasonable inferences that can be drawn from those facts in the light most favorable to the plaintiff. Corluka v. Bridgford Foods of Illinois, Inc. 284 Ill.App.3d 190, 192, 219 Ill.Dec. 647, 671 N.E.2d 814 (1996). However, an order of dismissal may be affirmed on any grounds which are called for by the record, regardless of whether the circuit court relied on those grounds or the circuit court's reasoning was correct. Wright v. City of Danville, 174 Ill.2d 391, 399, 221 Ill.Dec. 203, 675 N.E.2d 110 (1996). Where facts are not at issue, the question on appeal following involuntary dismissal of claims barred by affirmative matter is whether dismissal was proper as a matter of law. Garcia v. Metropolitan Property and Casualty Insurance Co., 281 Ill.App.3d 368, 371, 217 Ill.Dec. 133, 666 N.E.2d 802 (1996).
We first examine whether the dismissal of plaintiffs' negligence claim was proper under section 4-102 of the Tort Immunity Act. Section 4-102 provides, in pertinent part:
"Neither a local public entity nor a local employee is liable for failure to establish *11 a police department or otherwise provide police protection service or, if police protection is provided, for failure to provide adequate police protection or service, failure to prevent commission of crimes, failure to detect or solve crimes, and failure to identify and apprehend criminals.* * *" 745 ILCS 10/4-102 (West 1996).
Plaintiffs maintain the Board was not entitled to immunity under section 4-102 because the immunity conferred therein applies only where a public entity is sworn and charged with the duty of law enforcement. As evidence of this, plaintiffs point to the wording of Article IV's title as, "Police and Correctional Activities."
We do not believe the titling of Article IV as "Police and Correctional Activities" demonstrates a legislative intent to limit application of section 4-102 to public entities strictly charged with law enforcement duties. In conjunction with section 4-102, section 10/1-206 of the Act defines the term "local public entity" so as to specifically encompass school boards in its definition. 745 ILCS 10/2-106 (West 1996). It is a basic tenet of statutory construction that where a statute defines its own terms, those terms should be considered according to the statutory definitions provided. Holland v. City of Chicago, 289 Ill.App.3d 682, 686, 224 Ill.Dec. 762, 682 N.E.2d 323 (1997). Moreover, when construing immunities under the Tort Immunity Act, a court must view the statute as a whole, with all relevant parts considered together. (Kraft, Inc. v. Edgar, 138 Ill.2d 178, 189, 149 Ill.Dec. 286, 561 N.E.2d 656 (1990)).
Applying these principles, it is clear section 4-102 was intended to provide immunity not only to entities formally sworn to a duty of law enforcement, but to all public entities as defined within the confines of the Act. This interpretation of section 4-102 is in accordance with prior decisions of this court applying section 4-102. See Towner v. Board of Education, 275 Ill. App.3d 1024, 212 Ill.Dec. 333, 657 N.E.2d 28 (1995) (section 4-102 barred recovery against board of education for failure to prevent assault of one student upon another); Lawson v. City of Chicago, 278 Ill. App.3d 628, 215 Ill.Dec. 237, 662 N.E.2d 1377 (1996) (section 4-102 barred recovery against board of education for failure to operate metal detectors to prevent one student from shooting another student); Hill v. Chicago Housing Authority, 233 Ill.App.3d 923, 175 Ill.Dec. 104, 599 N.E.2d 1118 (1992) (section 4-102 barred recovery against housing authority for failure to provide adequate police services so as to prevent shooting of visitor in lobby of housing project).
Even construing plaintiffs' claims in the light most favorable to the plaintiffs, it is apparent plaintiffs sought to impose liability on defendant for failure to provide police services so as to prevent an assault upon A.R. Under the plain language of section 4-102, defendant was immunized from liability for negligence on this claim. Accordingly, we affirm the circuit court's dismissal of count II sounding in negligence.
We next examine whether dismissal of plaintiffs' claim alleging willful and wanton misconduct in count III was also barred by section 4-102. A claim of willful and wanton misconduct must demonstrate either an actual intention to harm or a reckless disregard for the safety of others, such as a failure to exercise ordinary care to prevent harm after knowledge of impending danger, or a failure to discover the danger when it could have been discovered by exercise of ordinary care. See Pomaro v. Community Consolidated School District 21, 278 Ill.App.3d 266, 269, 214 Ill.Dec. 872, 662 N.E.2d 438 (1995), citing Ziarko v. Soo Line R.R. Co., 161 Ill.2d 267, 275-76, 204 Ill.Dec. 178, 641 N.E.2d 402 (1994). Plaintiffs' complaint alleged the Board had knowledge male students were likely to commit sexual assaults on female passengers, but failed to support this allegation with any specific *12 facts from which knowledge or propensity could be inferred. Although a reviewing court must take all well pled allegations as true when reviewing a dismissal under section 2-619, it does not have to accept conclusions of fact which are unsupported by specific facts. Golden v. McDermott, Will & Emery, 299 Ill.App.3d 982, 988, 234 Ill.Dec. 241, 702 N.E.2d 581 (1998). Plaintiffs' complaint failed to set forth specific facts supporting a claim of willful and wanton misconduct. However, even in the absence of this factual insufficiency, dismissal of count III was mandated under section 4-102.
Plaintiffs cite to Cadena v. Chicago Fireworks Manufacturing Co., 297 Ill. App.3d 945, 232 Ill.Dec. 60, 697 N.E.2d 802 (1998) as recognizing a general exception to immunity under section 4-102 for willful and wanton misconduct. Plaintiffs misconstrue the holding of that case.
In Cadena, plaintiffs, who were spectators at a public fireworks display, alleged they were injured as a result of the city's failure to provide adequate police services in the form of crowd control. The court held plaintiffs' claim was barred by section 4-102. Cadena, 297 Ill.App.3d at 954, 232 Ill.Dec. 60, 697 N.E.2d 802. However, the court distinguished plaintiffs' claim predicated upon the city's failure to provide adequate crowd control from a claim alleging police affirmatively directed spectators to unsafe areas. Cadena, 297 Ill.App.3d at 955, 232 Ill.Dec. 60, 697 N.E.2d 802. The court reasoned that section 4-102 would not immunize the city from claims predicated upon willful and wanton misconduct in the actual execution and enforcement of the law, such claims being permitted under section 2-202 of the Tort Immunity Act.[1]Cadena, 297 Ill.App.3d at 955-56, 232 Ill. Dec. 60, 697 N.E.2d 802.
In reaching this determination, the court relied upon our Supreme Court's decision in Doe v. Calumet City, 161 Ill.2d 374, 204 Ill.Dec. 274, 641 N.E.2d 498 (1994), holding that section 4-102 did not bar recovery against the city where plaintiffs alleged police officers willfully and wantonly failed to secure a crime scene while an assailant committed a sexual assault. The Cadena court also relied upon Fatigato v. Village of Olympia Fields, 281 Ill.App.3d 347, 217 Ill.Dec. 63, 666 N.E.2d 732 (1996) where the court held section 4-102 did not bar plaintiffs from recovering against the village where plaintiffs alleged police officers acted willfully and wantonly in directing an intoxicated person to drive an automobile. In both cases, the courts found the conduct at issue fell within the exception to immunity under section 2-202. Doe, 161 Ill.2d at 389-90, 204 Ill.Dec. 274, 641 N.E.2d 498; Fatigato, 281 Ill.App.3d at 357, 217 Ill.Dec. 63, 666 N.E.2d 732.
Cadena merely reiterates the principle, as pronounced in Doe and Fatigato, that section 4-102 does not bar claims premised upon a public entity's willful and wanton misconduct in the actual execution and enforcement of the law; such claims falling within the exception to immunity under section 2-202. This holding is fundamentally different than plaintiffs' proposition that section 4-102 allows for a general exception to immunity for willful and wanton misconduct where a public entity fails to provide any or adequate police services.
We note, however, that section 2-202 is inapplicable to the present action. Immunity under section 2-202 applies only where a public entity is actually engaged in execution or enforcement of the law. Barnett v. Zion Park District, 171 Ill.2d 378, 390, 216 Ill.Dec. 550, 665 N.E.2d 808 (1996). Unlike the police conduct at issue in Doe and Fatigato, the Board's conduct here did not encompass execution and enforcement *13 of law. In this case, section 34-84(a) of the School Code placed an affirmative duty upon the Board, through its agent Williams, to maintain discipline among the students, providing:
"* * * [t]eachers, other certified educational employees, and any other person, whether or not a certified employee, providing a related service for or with respect to a student shall maintain discipline in the schools, including school grounds which are owned or leased by the Board and used for school purposes and activities. In all matters relating to discipline in and conduct of the schools and schoolchildren, they stand in relation of parents and guardians to pupils * * *" 105 ILCS 5/34-84(a) (1996).
However, while section 34-84(a) posits a duty of enforcement in educators, it is not a law enforced or executed in the sense contemplated by section 2-202. (Grandalski v. Lyons Township High School District 204, 305 Ill.App.3d 1, 7, 238 Ill.Dec. 269, 711 N.E.2d 372 (1999)). Moreover, while section 34-84(a) does not bar an action for willful and wanton misconduct, neither does it defeat immunity for willful and wanton misconduct separately conferred upon public entities under the Tort Immunity Act. See Henrich v. Libertyville High School, 186 Ill.2d 381, 238 Ill.Dec. 576, 712 N.E.2d 298(1998), and D.M. v. National School Bus Service, Inc., 305 Ill. App.3d 735, 238 Ill.Dec. 950, 713 N.E.2d 196 (1999) (holding School Code does not defeat immunity conferred upon public entities under the Tort Immunity Act).
We similarly reject plaintiffs' contention that recent amendment to section 3-108(a) demonstrates a legislative intent to comprehensively limit immunity under the Act to instances of ordinary negligence. 745 ILCS 10/3-108 (West 1996). Prior to amendment, section 3-108 of the Act provided:
"(a) Except as otherwise provided by this Act* * * neither a local public entity nor a public employee is liable for injury caused by a failure to supervise an activity on or the use of any public property." 745 ILCS 10/3-108 (West 1996).
In 1998, the legislature amended this section to expressly narrow the scope of immunity to exclude willful and wanton misconduct. Pub. Act. 90-805, eff. December 2, 1998 (amending 745 ILCS 10/3-108 (West 1996)). However, at the time the legislature amended section 3-108, it also amended section 1-210 of the Act which defines the term "willful and wanton misconduct". 745 ILCS 10/1-210 (West 1996). That amendment now states: "This definition shall apply in any case where a `willful and wanton' exception is incorporated into any immunity under this Act." Pub. Act 90-805, eff. Dec. 2, 1998 (amending 745 ILCS 10/1-210 (West 1996)). The amendment serves to verify that only the explicit language of the Tort Immunity Act can exclude willful and wanton conduct from its coverage. National School Bus Service, Inc., 305 Ill.App.3d at 742, 238 Ill. Dec. 950, 713 N.E.2d 196.
Our Supreme Court cautions courts not to depart from the plain language of the Tort Immunity Act by reading into it exceptions, limitations, or conditions that conflict with express legislative intent. Barnett, 171 Ill.2d at 389, 216 Ill.Dec. 550, 665 N.E.2d 808. The language of section 4-102 includes no exception to immunity for willful and wanton misconduct. In the absence of an express exception, it can only be concluded the legislature intended section 4-102 to provide unqualified immunity to local public entities for both negligent and willful and wanton misconduct. Hernandez v. Kirksey, 306 Ill.App.3d 912, 915, 239 Ill.Dec. 915, 715 N.E.2d 669 (1999), citing In re Chicago Flood Litigation, 176 Ill.2d 179, 195-96, 223 Ill.Dec. 532, 680 N.E.2d 265 (1997) and, Platacis v. Village of Streamwood, 224 Ill.App.3d 336, 340, 166 Ill.Dec. 606, 586 N.E.2d 564 (1991). Accordingly, we find plaintiffs' claim of willful and wanton misconduct was barred by section 4-102.
*14 Finally, we address whether dismissal of count II of plaintiffs' complaint for negligence was also mandated under section 34-84(a) of the School Code. Section 34-84(a) has been interpreted as conferring upon educators the same immunity parents enjoy in relation to their children. Kobylanski v. Chicago Board of Education, 63 Ill.2d 165, 170, 347 N.E.2d 705 (1976); Stiff v. Eastern Ill. Area of Spec. Education, 251 Ill.App.3d 859, 862, 190 Ill.Dec. 349, 621 N.E.2d 218 (1993). However, parental immunity, and hence the immunity of educators under the statute, is limited to negligence in conduct inherent to the parent-child relationship; i.e. conduct that concerns discretion in the discipline, supervision, and care of children. Cates v. Cates, 156 Ill.2d 76, 104-05, 189 Ill.Dec. 14, 619 N.E.2d 715 (1993); Stiff, 251 Ill.App.3d at 863, 190 Ill.Dec. 349, 621 N.E.2d 218. Thus, parents can be held be liable to their children for negligence in operating a motor vehicle because that conduct is not inherent to the parent-child relationship. Cates, 156 Ill.2d. at 76, 189 Ill.Dec. 14, 619 N.E.2d at 729 (1993).
Applying this principle to the present action, plaintiffs maintain section 34-84(a) does not confer immunity for negligence upon defendant because defendant's conduct involved the operation of a motor vehicle. However, plaintiffs' argument is belied by their own allegation that defendant's negligence arose from breach of its duty to maintain discipline among the students. The mere fact that defendant's disciplinary omissions took place on a school bus does not transform defendant's conduct into conduct involving operation of a motor vehicle. Under section 34-84(a), educators that stand in relation of parent to child cannot be subject to negligence liability where the conduct constitutes the exercise of authority and supervision over a child, or the exercise of discretion in provision of care to a child. Stiff, 251 Ill.App.3d at 863, 190 Ill.Dec. 349, 621 N.E.2d 218. The conduct complained of in the present action clearly falls within the ambit of disciplinary conduct contemplated under section 34-84(a). Accordingly, we affirm the circuit court's dismissal of count II on the basis section 34-84(a) also conferred immunity upon defendant.
Affirmed.
RAKOWSKI, J., and GALLAGHER, J., Concur.
NOTES
[1] Section 2-202 of the Tort Immunity Act provides:

"A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202 (West 1996).