JOHN DOE, a Minor, by His Legal Guardian, D. Jean Ortega-Prion, Guardianship Adm'r of the Department of Children and Family Services, Plaintiffs-Appellant v. CHICAGO BOARD OF EDUCATION, Defendant-Appellee (Laidlaw Transit, Inc., Defendant).

First District (5th Division)   No. 1—02—0207

Opinion filed June 13, 2003.

Lowery & Smerz, Ltd., of Chicago (Mary Jo Smerz, of counsel), for appellants.

Hinshaw & Culbertson, of Chicago (Daniel L. Boho, Christine L. Olson, and Peter H. Carlson, of counsel), for appellee.

JUSTICE QUINN delivered the opinion of the court:

Plaintiff John Doe, a minor, by his legal guardian D. Jean Ortega-Piron, filed a third amended complaint in the circuit court of Cook County against defendants Chicago Board of Education (Board) and Laidlaw Transit, Inc., after he was allegedly sexually assaulted while a passenger on a school bus operated by Laidlaw. Counts II and III of the complaint alleged negligence and willful and wanton misconduct, respectively, against the Board, which moved for dismissal of the counts pursuant to sections 2—615 and 2—619(a)(9) of the Illinois Code of Civil Procedure (Civil Code) (735 ILCS 5/2—615, 2—619(a)(9) (West 2000)). The trial court granted the Board's motion and found that there was no just reason to delay enforcement or appeal of its order under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)). On appeal, plaintiff contends that the trial court erred in summarily dismissing the two counts because they were properly pleaded and the Board is not immune from liability under section 4—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/4—102 (West 2000)). For the reasons set forth below, we affirm the dismissal of the count alleging negligence, reverse the dismissal of the count alleging willful and wanton misconduct and remand this cause for further proceedings.

## BACKGROUND

In his third amended complaint, plaintiff alleged that on or about October 2, 1999, he was a 12-year-old special education student at Montefiore school in Chicago suffering from mental illness and developmental and cognitive disabilities. At all relevant times, the

Board had retained Laidlaw to provide school bus transportation to students attending Montefiore school, which was a "special education school for socially maladjusted boys." It was alleged that every day children were transported to Montefiore school, a driver for Laidlaw operated the bus and an attendant also rode the bus. Plaintiff alleged that the Board knew he had certain mental incapabilities and, as a result, had to be guarded, supervised and protected while in the Board's custody and control.

Plaintiff alleged that on October 2, 1999, he was riding on a school bus operated by a Laidlaw employee, when he was sexually assaulted by a male student who had a deviant sexual history and, as a result of having been declared a sexually aggressive child and youth (SACY) ward, was under a "Protective Plan." Plaintiff alleged in his complaint that the Board knew or should have known that the protective plan required that the SACY ward never be left unsupervised among other children. At all relevant times, the Board employed a bus attendant to supervise the children on the trip to and from Montefiore school. On the day of the sexual assault, the Board knew or should have known that the school bus attendant, whose job was to supervise the children, called in sick. Plaintiff alleged that despite having a duty to do so, the Board did not have an attendant on the bus at the time he was assaulted, which occurred in the afternoon, on the ride home.

In count I of his third amended complaint, which is not currently before this court, plaintiff alleged negligence against Laidlaw. In count II, plaintiff alleged negligence against the Board because it: (1) failed to ensure that a school bus attendant was present on the bus while he was a passenger; (2) failed to transport him with reasonable safety; (3) failed to maintain discipline on the bus transporting him; (4) failed to prevent the perpetrator from sexually assaulting him; (5) failed to respond to his requests for assistance in protecting himself against the sexual assault; (6) failed to provide adequate supervision on the bus while knowing its passengers were developmentally disadvantaged; (7) failed to provide adequate supervision on the bus while knowing that one of the passengers was sexually deviant; (8) failed to put adequate protections or precautions in place to protect passengers from harming each other; (9) failed to ensure that the contractor chosen to transport him had adequate safety equipment, such as seat belts, on the bus; (10) failed to employ and enforce safety measures, such as requiring passengers to sit in place; and (11) was otherwise negligent in providing safe transportation to him.

In count III, plaintiff alleged that the Board was guilty of willful and wanton misconduct where, with knowledge of the fact that male passengers on the bus were likely to attempt to commit sexual as-

saults on other passengers, the Board: (1) failed to transport plaintiff with reasonable safety; (2) failed to maintain order on the vehicle chosen to transport plaintiff; (3) failed to prevent plaintiff's fellow passenger from assaulting him; (4) failed to provide adequate supervision on the bus; (5) failed to ensure that the contractor chosen to transport plaintiff had adequate safety equipment, such as seat belts, on its vehicles; (6) failed to employ and enforce safety measures, such as requiring passengers to sit in place; (7) failed to have a bus attendant on duty the day plaintiff was assaulted; and (8) failed to act to prevent plaintiff from being sexually assaulted. Plaintiff also alleged willful and wanton misconduct on the part of the Board based upon its deliberately allowing the bus to run without supervision despite knowing the attendant had called in sick and the bus driver was a substitute. Finally, plaintiff alleged in count III that the Board failed to respond to plaintiff's requests for assistance in protecting himself against the sexual assault.

The Board moved for summary dismissal of counts II and III pursuant to sections 2—615 and 2—619(a)(9) of the Civil Code. Regarding section 2—615, the Board argued that plaintiff had failed to allege facts sufficient to establish willful and wanton misconduct. As for the other affirmative matter under section 2—619(a)(9), the Board, in reliance upon *A.R. v. Chicago Board of Education*, 311 Ill. App. 3d 29 (1999), argued that section 4—102 of the Tort Immunity Act, which allows immunity for the failure of a public entity to provide police protection, barred the claims of negligence and willful and wanton misconduct against it.

In response, plaintiff argued that section 4—102 was inapplicable to the facts of this case. Plaintiff also argued that the Board was required to maintain discipline pursuant to sections 24—24 and 34—84a of the School Code (105 ILCS 5/24—24, 34—84a (West 2000)). Additionally, plaintiff asserted that recent amendments to section 3—108 of the Tort Immunity Act (745 ILCS 10/3—108 (West 2000)) narrowed the scope of immunity for public entities to exclude liability for injuries for willful and wanton misconduct resulting from the supervision of an activity on public property. The trial court granted the Board's motion to dismiss counts II and III of the third amended complaint and plaintiff now appeals that ruling.

## ANALYSIS

Plaintiff contends that the trial court erred in granting the Board's motion for summary dismissal. He argues that this case is controlled by sections 24—24 and 34—84a of the School Code, which state that employees in the public school system have a duty to supervise

students in order to maintain discipline, and that section 4—102 of the Tort Immunity Act is inapplicable. Plaintiff further asserts that the 1998 amendment to section 3—108 of the Tort Immunity Act, excluding immunity for public entities and public employees for willful and wanton misconduct, mandates reversal of the trial court's dismissal of his complaint.

■ A motion to dismiss brought under section 2—615 attacks the legal sufficiency of a complaint and alleges only defects on the face of the complaint. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 86 (1996). The question to be decided when ruling on a section 2—615 motion to dismiss is whether the plaintiff has alleged sufficient facts which, if proved, would entitle the plaintiff to relief. *Urbaitis v. Commonwealth Edison*, 143 Ill. 2d 458, 475 (1991).

■ Section 2—619(a)(9) of the Civil Code allows for involuntary dismissal where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2—619(a)(9) (West 2000). An "affirmative matter" in a section 2—619 motion to dismiss is one that negates the plaintiff's cause of action. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 486 (1994). Immunity under the Tort Immunity Act is an affirmative matter that can properly be raised in a section 2—619(a)(9) motion to dismiss. *Bubb v. Springfield School District 186*, 167 Ill. 2d 372, 378 (1995).

■ When ruling on a motion to dismiss pursuant to both sections 2—615 and 2—619, the court must accept all well-pleaded facts in the petition as true and draw all reasonable inferences in favor of the plaintiff. See *Storm & Associates, Ltd. v. Cuculich*, 298 Ill. App. 3d 1040, 1047 (1998). The resolution of either motion involves a question of law; thus, our review is *de novo*. *Storm & Associates*, 298 Ill. App. 3d at 1047.

## School Code

Plaintiff argues that his claims are governed by sections 24—24 and 34—84a of the School Code, which relate to maintenance of discipline. He asserts that because school bus transportation to and from school is an activity within the school program, section 34—84a imposes liability upon the Board.

■ Section 34—84a of the School Code, which corresponds to section 24—24 but applies only to cities having populations over 500,000, provides:

> "Subject to the limitations of all policies established or adopted under Section 14—8.05, teachers, other certificated educational employees, and any other person, whether or not a certificated

employee, providing a related service for or with respect to a student shall maintain discipline in the schools, including school grounds which are owned or leased by the board and used for school purposes and activities. In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program, including all athletic and extracurricular programs, and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians." 105 ILCS 5/34—84a (West 2000).

Finding support in *Jastram v. Lake Villa School District 41*, 192 Ill. App. 3d 599 (1989), *Edmonson v. Chicago Board of Education*, 62 Ill. App. 3d 211, 213 (1978), and *Jackson v. Chicago Board of Education*, 192 Ill. App. 3d 1093, 1099 (1989), the Board argues sections 24—24 and 34—84a are inapplicable because those provisions only apply to teachers or other certificated educational employees. This argument is without merit because although a previous version of these sections applied only to "teachers and other certificated educational employees" (105 ILCS 5/34—84a (West 1994)), the version relevant to this appeal also includes "any other person" (105 ILCS 5/34—84a (West 2000)).

■ Although sections 24—24 and 34—84a of the School Code immunize teachers and certain other educational employees from their negligence in the supervision of school activities, these sections do not provide immunity for willful and wanton misconduct relating to such supervision. *Kobylanski v. Chicago Board of Education*, 63 Ill. 2d 165, 173 (1976). However, while sections 24—24 and 34—84a do not confer immunity for willful and wanton misconduct, they were not intended to create liability for such alleged conduct. *Grandalski v. Lyons Township High School District 204*, 305 Ill. App. 3d 1, 7 (1999). Rather, the School Code "grants educators the immunity that parents enjoy." *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 388 (1998). Consequently, we reject plaintiff's argument that sections 24—24 and 34—84a provide a basis to impose liability upon the Board. Rather, because section 34—84a of the School Code precludes holding the Board liable for the negligent conduct alleged in count II, we affirm the dismissal of count II of plaintiff's complaint.

## Tort Immunity Act

■ Plaintiff next argues that dismissal of counts II and III of his complaint under section 4—102 of the Tort Immunity Act was erroneous. Section 4—102 of the Tort Immunity Act provides in pertinent part:

"Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals." 745 ILCS 10/4—102 (West 2000).

The Board asserts that section 4—102 of the Tort Immunity Act bars plaintiff from any recovery. It argues that because plaintiff is seeking recovery based upon its failure to prevent a sexual assault against him, the negligence and willful and wanton misconduct counts were properly dismissed. According to the Board, the instant case is controlled by this court's decision in *A.R. v. Chicago Board of Education*, 311 Ill. App. 3d 29 (1999).

In *A.R.* a developmentally disabled female suffering from Down's Syndrome was sexually assaulted while riding on a bus, which was provided by Laidlaw pursuant to a contract with the Board. At the time of the alleged assault, an attendant employed by the Board was on the bus but failed to prevent the assault. Following the assault, the plaintiffs filed suit against, *inter alia*, the Board seeking damages for negligence. The plaintiffs also sought damages from the Board for willful and wanton misconduct "by failing to prevent or intervene in the assault of A.R. when the Board had knowledge that male passengers on the bus were likely to commit sexual assaults on female passengers." *A.R.*, 311 Ill. App. 3d at 32. The Board moved to dismiss under section 4—102 of the Tort Immunity Act. On appeal, this court ruled that under the plain language of section 4—102, the Board was immune from liability for its alleged plain negligence. *A.R.*, 311 Ill. App. 3d at 34. Relating to the willful and wanton misconduct count, this court ruled that the plaintiffs had failed to allege specific facts in support of the claim. *A.R.*, 311 Ill. App. 3d at 34.

The court in *A.R.* also analyzed the willful and wanton count under section 34—84(a) of the School Code, finding that while the section imposed a duty on the Board, through its agent, the attendant on duty the day of the assault, to maintain discipline among the students, the duty did not defeat immunity under the Tort Immunity Act. *A.R.*, 311 Ill. App. 3d at 36. Finally, this court rejected the plaintiffs' claim that an amendment to section 3—108 of the Tort Immunity Act, effective after the assault in *A.R.*, which limited immunity to only acts of negligence, denied the Board immunity for its willful and wanton misconduct. *A.R.*, 311 Ill. App. 3d at 36-37.

The Board argues that *A.R.* is directly on point and that the allegations in plaintiff's complaint "fall squarely" within the immunity

provided in section 4—102. Plaintiff rejects this argument, asserting that the facts in *A.R.* are distinguishable from his case and that his claims are based upon more than a failure by the Board to prevent commission of a crime. We agree with plaintiff.

■ This court's decision in *A.R.* was based upon the fact that "the [trial] court characterized [the] plaintiffs' allegations of negligence and willful and wanton misconduct against the Board as claims predicated upon a failure to prevent one student from committing a crime against another." *A.R.*, 311 Ill. App. 3d at 32. However, we find such a characterization of the complaint here too restrictive. While it is true that the allegations relating to willful and wanton misconduct on the part of the Board include allegations that the Board failed to prevent plaintiff from being sexually assaulted, the allegations also implicate willful and wanton misconduct based upon the Board's deliberately allowing the school bus to operate without a bus attendant providing supervision despite knowing that the alleged perpetrator was not to be left unsupervised while with other children. To interpret plaintiff's complaint as merely being premised upon the failure of the Board to prevent the commission of a crime would be in direct contravention of the Civil Code, which provides that "[p]leadings shall be liberally construed with a view to doing substantial justice between the parties." 735 ILCS 5/2—603 (West 2000). Based upon the allegations in plaintiff's complaint, we find that section 4—102 of the Tort Immunity Act does not immunize the Board from liability.

■ As we characterize the allegations in the instant complaint as asserting a lack of supervision, section 3—108 of the Tort Immunity Act applies. Section 3—108 of the Tort Immunity Act provides:

"(a) Except as otherwise provided by this Act, neither a local public entity nor a public employee who undertakes to supervise an activity on or the use of any public property is liable for an injury unless the local public entity or public employee is guilty of willful and wanton conduct in its supervision proximately causing such injury.

(b) Except as otherwise provided in this Act, neither a local public entity nor a public employee is liable for an injury caused by a failure to supervise an activity on or the use of any public property unless the employee or the local public entity has a duty to provide supervision imposed by common law, statute, ordinance, code or regulation and the local public entity or public employee is guilty of willful and wanton conduct in its failure to provide supervision proximately causing such injury." 745 ILCS 10/3—108 (West 2000).

To bring his complaint within the ambit of section 3—108's exclusion of willful and wanton misconduct, plaintiff's complaint must properly allege such conduct on the part of the Board.

## Willful and Wanton Misconduct

The Board claims that count III of plaintiff's complaint should be dismissed under section 2—615 because he failed to properly allege willful and wanton misconduct, as was the case in *A.R.* Specifically, it argues that plaintiff failed to allege that the Board had knowledge of the special needs of the children on the bus, of the perpetrator's sexually aggressive behavior and of the need to have a bus attendant. The Board also asserts that plaintiff's allegation that it was aware that male passengers on the bus were likely to attempt to commit sexual assaults on other passengers is conclusory.

■ To properly plead willful and wanton misconduct, a plaintiff must allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff. *Burke v. 12 Rothschild's Liquor Mart, Inc.*, 148 Ill. 2d 429, 448 (1992). As for the sufficiency of the allegations in the complaint, when ruling on a motion to dismiss, we accept as true all well-pleaded facts in the complaint and all inferences which can reasonably be drawn in favor of the plaintiff from those facts. *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill. 2d 507, 510 (1994). In his third amended complaint, plaintiff alleged that he was a special education student at Montefiore School, which was a "special education school for socially maladjusted boys." He further alleged that the perpetrator had been declared a sexually aggressive child and was under a protective plan, which required that the child never be left unsupervised while with other children. Since plaintiff alleged that Montefiore was a "special education school," clearly, the Board should have known that students on the bus, who attended that school, had special needs.

In *Doe v. Dimovski*, 336 Ill. App. 3d 292 (2003), Dimovski was a teacher who sexually abused the plaintiff, who was one of his students. The trial court granted the school board's section 2—619(a)(6) motion to dismiss, finding that the board was immunized under sections 2—201 and 3—108 of the Tort Immunity Act (745 ILCS 10/2—201, 3—108 (West 2000)). Section 2—201 granted immunity based upon the board's exercise of discretion and section 3—108 granted immunity based upon a failure to supervise an activity. The appellate court reversed on the ground that the board's failure to notify the Department of Children and Family Services of a prior sexual abuse allegation against the same teacher was not an exercise of discretion because the matter had to be reported under the Abused and Neglected Child Reporting Act (325 ILCS 5/1 *et seq.* (West 2000)). *Dimovski*, 336 Ill. App. 3d at 296-97. The appellate court also rejected the board's argument that the plaintiff's injury was not reasonably foreseeable. In doing so, the court stated:

"The [b]oard's alleged knowledge of the alleged prior instances of sexual abuse by Dimovski with another female high school student made his similar behavior with plaintiff reasonably foreseeable. The danger to female students in general was reasonably foreseeable given Dimovski's history of alleged sexual misconduct. Put another way, absent the [b]oard's alleged nonfeasance, the injury sustained by plaintiff likely would not have occurred. Regardless, whether the [b]oard should have reasonably anticipated these events presents a question of fact for the jury to determine that cannot be decided as a matter of law at the pleadings stage of the litigation." *Dimovski*, 336 Ill. App. 3d at 299.

● We find the complaint in this case to be similar to the complaint in the *Dimovski* case. Unlike in *A.R.*, where the plaintiffs' complaint "contained no specific facts to support the allegation the Board had knowledge of a propensity by male passengers to commit sexual assaults" (*A.R.*, 311 Ill. App. 3d at 32), here, plaintiff has properly pled knowledge on the part of the Board that the attacker was likely to commit a sexual assault on the passengers and that an attendant was required.

Accordingly, we affirm the judgment of the circuit court dismissing count II of plaintiff's complaint, reverse the judgment of the circuit court dismissing count III of plaintiff's complaint and remand this cause for further proceedings.

Affirmed in part and reversed in part; cause remanded.

REID and HARTIGAN, JJ., concur.