**Edward M. MULLIGAN and Ed Mulligan Construction Company, Inc., Plaintiff/Appellant,**

v.

**CRESCENT PLUMBING SUPPLY CO., INC., Defendant/Respondent.**

**No. 61951.**

Missouri Court of Appeals, Eastern District, Division One.

Nov. 24, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 7, 1993.

Application to Transfer Denied Feb. 23, 1993.

Louis N. Laderman, Chesterfield, for plaintiff/appellant.

Thomas L. Fiala, St. Louis, for defendant/respondent.

REINHARD, Judge.

Plaintiffs appeal from the order of the trial court sustaining defendant's motion to dismiss for failure to state a claim. They contend that their petition against defendant for damage to and loss of property falls within the "special facts and circumstances" exception to the general rule that a business landowner has no duty to protect its invitees from the criminal acts of third parties. We affirm.

Plaintiffs' petition alleged, *inter alia*, the following: On November 22, 1991, plaintiff, Edward Mulligan, went to defendant's warehouse to purchase plumbing supplies and fixtures. He parked Mulligan Construction Company's truck on defendant's property and proceeded to enter the building. When plaintiff returned a few minutes later he found the vehicle had been stolen. Defendant knew that thefts of similar vehicles had occurred on the premises on August 1, October 10, and November 8, 1991, and at nearby businesses during the same time period.

Plaintiffs further alleged that the previous thefts, and defendant's knowledge thereof, "created special facts and circumstances which imposed upon [d]efendant a duty to protect its patrons, customers and invitees from loss and damage due to the intentional criminal conduct of unknown third parties." The petition further alleged that "[d]efendant failed to provide adequate security to protect the property of its customers, patrons and business invitees ..." and that defendant failed to warn of the risk of theft. Finally, plaintiffs alleged that as a direct and proximate result of defendant's negligence they suffered the loss of their "truck, tools, equipment and supplies, and have incurred expenses for, *inter alia*, transportation and to replace lost and stolen tools, equipment and supplies, and have lost wages and profits."

Defendant filed a motion to dismiss the petition for failure to state a cause of action, contending that it owed no legal duty to protect plaintiffs' property from the criminal acts of third parties. The trial court sustained defendant's motion.

In reviewing a motion to dismiss for failure to state a claim, this court accepts as true all facts properly pleaded and all reasonable inferences therefrom. *Stiffelman v. Abrams*, 655 S.W.2d 522, 525 (Mo. banc 1983). A petition is not to be dismissed for failure to state a claim if any set of facts is asserted which, if proved, would entitle the plaintiff to relief. *White v. Mulvania*, 575 S.W.2d 184, 188 (Mo. banc 1978).

A petition seeking damages for negligence must allege ultimate facts which, if proven, show: 1) *the existence of a duty on the part of the defendant to protect the plaintiff from injury*, 2) breach of that duty, 3) causation, and 4) injury to the plaintiff. *Meadows v. Friedman R.R. Salvage Warehouse*, 655 S.W.2d 718, 720 (Mo. App.1983) (emphasis added).

On appeal, plaintiffs contend the trial court erred in dismissing their petition "in that [defendant] had a duty to protect [plaintiffs] from loss of and injury to their property due to the criminal acts of third parties because there was a foreseeable likelihood of such loss and injury." Plaintiffs admit that ordinarily a business landowner or occupier has no duty to protect its invitees from the criminal acts of unknown third parties. However, they argue that the allegations in their petition fall within the "special facts and circumstances" exception to the general rule.

Missouri recognized this exception in *Brown v. National Supermarkets, Inc.,* 679 S.W.2d 307 (Mo.App.1984) (*Brown I*). In *Brown I,* plaintiffs' petition alleged that plaintiff was shot and seriously injured by an unknown assailant on defendant's premises and that her injuries were a direct and proximate result of the negligence of the defendant. The petition further alleged that in the two years prior to the attack there had been sixteen incidents of reported robbery involving a firearm, and seven incidents of reported strong arm robberies, as well as 136 other reported crimes on defendant's premises. We held that a duty had been pled under the "special facts and circumstances" exception, and remanded the case back to the trial court. *Brown I* at 310. A trial was held and after a defendant's verdict plaintiffs again appealed to this court. We affirmed, holding that because a duty arises only upon a showing of recent, prior violent crimes on defendant's premises, the trial court was correct in excluding evidence of non-violent crimes as irrelevant. *Brown v. National Super Markets, Inc.,* 731 S.W.2d 291, 294 (Mo. App.1987) (*Brown II*).

Numerous cases prior and subsequent to the *Brown* decisions have discussed the violent crimes "special facts and circumstances" exception. In the consolidated cases of *Madden v. C & K Barbecue Carryout, Inc.,* 758 S.W.2d 59 (Mo. banc 1988), and *Decker v. Gramex Corp.,* 758 S.W.2d 59 (Mo. banc 1988), the supreme court recognized the rule in *Brown I,* reversing a dismissal in *Madden* and a summary judgment ruling in *Decker.*

In *Madden,* the supreme court stated:

Consistent with the holding in *Virginia D.,*[1] with the court of appeals decision in *Brown,* and with the rule established by the *Restatement [Second] of Torts,* the Court recognizes that business owners may be under a duty to protect their invitees from the criminal attacks of unknown third persons depending upon the facts and circumstances of a given case.

*Madden* at 62.

Section 344 of the *Restatement (Second) of Torts,* relied upon by the supreme court in *Madden,* recognizes a duty on the part of a business landowner or occupier to protect visitors who are on the premises from *"physical harm* caused by the accidental, negligent, or intentionally harmful acts of third persons...."* (emphasis ours). This duty may arise when the landowner, from past experience, knows or has reason to know that there is a likelihood of conduct on the part of third persons which is likely to endanger the safety of visitors. *Restatement (Second) of Torts,* Section 344, comment f.

Plaintiffs here, in attempting to support their claim that non-violent crimes which result in property loss or damage fall within the "special facts and circumstances" exception, admit that all prior reported cases in Missouri have involved situations where plaintiffs have sought damages for physical harm or death due to the violent criminal acts of third persons. However, plaintiffs attempt to come within the exception by relying on the following language from *Madden:* "The touchstone for the creation of a duty is foreseeability. A duty of care arises out of circumstances in which there is a foreseeable likelihood that particular acts or omissions will cause harm or injury." *Madden* at 62. Plaintiffs reason that because of the prior thefts from defendant's lot, it was foreseeable that their truck would be stolen, and this foreseeability created a duty on the part of defendant to protect plaintiffs from theft.

Plaintiffs statements pertaining to the foreseeability test are accurate, but foreseeability is not the last step in determining a duty. "[A]lthough the case law and comments use terms such as 'foreseeability,' 'proximate cause,' and 'intervening cause,' the final resolution of the issue is

---

1. In *Virginia D. v. Madesco Investment Corp.,* 648 S.W.2d 881, 886 (Mo. banc 1983), the supreme court recognized a duty on the part of a hotel owner to protect hotel guests from criminal assaults of unknown third persons. The plaintiff in *Virginia D.* had been raped in the hotel and there was evidence of prior similar acts sufficient to alert management to the probability its patrons might be in danger.

dictated by basic fairness and public policy." *Faheen by Hebron v. City Parking Corp.*, 734 S.W.2d 270, 273 (Mo.App.1987). As a matter of public policy, the parameters of the "special facts and circumstances" exception, as adopted in Missouri, do not reach a duty as to damage to or loss of property.

The Missouri cases which discuss the "special facts and circumstances" exception uniformly make reference to physical harm, utilizing such phrases as "criminal attacks", "violent crimes", and "endanger the safety of defendant's invitees." In *Madden,* the supreme court relied on *Restatement (Second) of Torts,* Section 344. *Madden* at 62. This provision embraces only physical harm to invitees at the hands of third persons while on the business owner's premises. We find no authority in Missouri extending the "special facts and circumstances" exception to cases of property loss or damage, and we decline to extend such exception here.

Judgment Affirmed.

AHRENS, P.J., and CRIST, J., concur.