# Illinois Official Reports

## Appellate Court

---

*Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303

---

| | |
|---|---|
| Appellate Court Caption | MARTIN EDWARD LEWIS, Plaintiff-Appellant, v. HEARTLAND FOOD CORPORATION, BURGER KING CORPORATION, and BURGER KING No. 1250, Defendants-Appellees. |
| District & No. | First District, Second Division<br>Docket No. 1-12-3303 |
| Filed | August 19, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's action for compensatory and punitive damages arising from the theft of his iPhone by "four fellow customers" while plaintiff was at defendant fast-food restaurant was properly dismissed, notwithstanding plaintiff's allegations that "manned security" was not provided at the restaurant and defendants breached their duties to exercise ordinary care and caution, since defendants had no duty to protect customers from criminal activities of third persons in the absence of a "special relationship" between the parties, and even if there was a "special relationship," defendants would only be liable for physical harm caused by third persons; furthermore, in the absence of any indication that the franchisor voluntarily undertook a legal duty to provide security at the restaurant, the action against the franchisor was also properly dismissed. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-37090; the Hon. James E. Snyder, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Martin Edward Lewis, of Chicago, appellant *pro se*.

Mulherin, Rehfeldt & Varchetto, P.C., of Wheaton (Stephen A. Rehfeldt, of counsel), and Swanson, Martin & Bell LLP, of Chicago (Richard J. Keating, Jr., of counsel), for appellees.

Panel

JUSTICE LIU delivered the judgment of the court, with opinion.
Presiding Justice Harris concurred in the judgment and opinion.
Justice Pierce concurred in the judgment, without opinion.

**OPINION**

¶ 1        Plaintiff Martin Edward Lewis appeals *pro se* from orders of the circuit court dismissing his case pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2012)). On appeal, plaintiff asks this court, *inter alia*, "to review this instant case, reverse the lower court and remand for further proceedings in the lower court." For the reasons that follow, we affirm.

¶ 2        In 2011, plaintiff filed a complaint against Heartland Food Corporation (Heartland), Burger King Corporation (BKC), and Burger King No. 1250, alleging that his iPhone was stolen by "four fellow customers" while he was at a Burger King restaurant in Chicago. Plaintiff asserted that by not providing "manned security" in the restaurant, defendants had negligently, as well as willfully and wantonly, breached their duties "to exercise ordinary care and caution and provide proper security in all of hours operation and the burden of management not to allow the criminal element to enter the premises so as to avoid causing injury and loss [of] personal property to Plaintiff" and "to provide notices of security and surveillance camera positions and monitors." Plaintiff sought $1,000 in compensatory damages and $1 million in punitive damages.

¶ 3        BKC filed a motion to strike plaintiff's prayer for punitive damages, which was granted by the trial court. The trial court also entered an order dismissing "Burger King #1250" as a defendant. BKC and Heartland each filed a motion to dismiss pursuant to section 2-615 of the Code. After the motions were fully briefed and separate hearings were held, the trial court granted both motions to dismiss.

¶ 4        Plaintiff appeals from the trial court's orders dismissing his case against BKC and Heartland. For the most part, his brief on appeal simply repeats the allegations in his complaint. He also complains that the trial court only allowed him a "one-minute" hearing and asks this court "to review this instant case, reverse the lower court and remand for further proceedings in the lower court." Plaintiff cites and discusses numerous cases that address negligence principles, but does not explain how he believes the trial court erred in dismissing his complaint.

¶ 5        Illinois Supreme Court Rule 341(h)(7) (eff. Feb. 6, 2013) provides that an appellant's brief must contain contentions and the reasons therefor, with citation to the authorities upon which the appellant relies. As a reviewing court, we are entitled to have the issues clearly

defined, pertinent authority cited, and a cohesive legal argument presented. *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5. "The appellate court is not a depository in which the appellant may dump the burden of argument and research." *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). Arguments that are not supported by citations to authority fail to meet the requirements of Supreme Court Rule 341(h)(7) and are procedurally defaulted. *Vilardo v. Barrington Community School District 220*, 406 Ill. App. 3d 713, 720 (2010). *Pro se* litigants are not excused from following rules that dictate the form and content of appellate briefs. *In re Marriage of Barile*, 385 Ill. App. 3d 752, 757 (2008).

¶ 6        In this case, plaintiff has failed to provide a cohesive legal argument or a reasoned basis for his contentions. Accordingly, his contentions are forfeited. Forfeiture aside, and to the extent that plaintiff has made a legal argument, his appeal fails on the merits.

¶ 7        A motion to dismiss pursuant to section 2-615 challenges the legal sufficiency of a complaint based on defects apparent on its face. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). When reviewing a complaint's sufficiency, we accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts, and construe the allegations in the complaint in the light most favorable to the plaintiff. *Id*. Our review is *de novo* and we may affirm the circuit court's judgment on any basis appearing in the record. *Gatreaux v. DKW Enterprises, LLC*, 2011 IL App (1st) 103482, ¶ 10.

¶ 8        For a plaintiff to state a cause of action for negligence, his complaint must allege facts that establish the existence of a duty of care owed to him by the defendant, a breach of that duty, and an injury proximately caused by that breach. *Marshall*, 222 Ill. 2d at 430. In the instant case, defendants assert that they had no duty to protect plaintiff from the theft of his iPhone. Whether a duty exists in a particular case is a question of law for the court to decide. *Id*.

¶ 9        In general, a landowner such as Heartland has no duty to protect others from criminal activities by third persons unless a "special relationship" exists between the parties. *Rowe v. State Bank of Lombard*, 125 Ill. 2d 203, 215-16 (1988) (citing Restatement (Second) of Torts § 314 (1965)). The applicable special relationship in the instant case is that of business invitor and invitee. *Id*. at 216. However, it appears that in Illinois, even when this special relationship exists, the landowner may only be held liable for *physical* harm caused by acts of third persons. See, *e.g*., *Marshall*, 222 Ill. 2d at 437 (citing Restatement (Second) of Torts § 344 (1965)). Section 344 of the Restatement (Second) of Torts provides in relevant part as follows:

> "A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons *** and by the failure of the possessor to exercise reasonable care to
>
> (a) discover that such acts are being done or are likely to be done, or
>
> (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it." Restatement (Second) of Torts § 344 (1965).

¶ 10      Our research has revealed no Illinois cases discussing whether a business invitor has a duty to protect its business invitees from criminal activity that does not involve *physical*

harm. In their brief, defendants have identified a case from Missouri, *Mulligan v. Crescent Plumbing Supply Co.*, 845 S.W.2d 589 (Mo. Ct. App. 1993), which we find instructive. In *Mulligan*, the plaintiff's truck was stolen from the defendant's property. *Id*. at 590. The plaintiff sued, alleging that the defendant knew of thefts of similar vehicles on the premises and nearby businesses during the prior three months, and that the defendant's knowledge of those thefts created "special facts and circumstances" which imposed upon the defendant duties to protect its invitees from loss and damage due to criminal conduct of unknown third parties, to provide adequate security to protects its invitees' property, and to warn invitees of the risk of theft. *Id*. The defendant filed a motion to dismiss the suit for failure to state a cause of action, which was granted by the trial court. *Id*.

¶ 11        On review, the Missouri Court of Appeals noted that in general, a business landowner or occupier has no duty to protect its invitees from the criminal acts of unknown third parties absent "special facts and circumstances," such as when the landowner knows or has reason to know that there is a likelihood of conduct by third persons which is likely to endanger the safety of visitors. *Id*. at 590-91. The court emphasized that section 344 of the Restatement (Second) of Torts recognizes a duty on the part of a business landowner or occupier to protect visitors who are on the premises only from *physical* harm caused by third parties. *Id*. at 591. The court then held that as a matter of public policy, the parameters of the "special facts and circumstances" exception did not reach a duty as to damage to or loss of property, and declined to extend the exception to cases of property loss or damage. *Id*. at 592.

¶ 12        Like the court in *Mulligan*, our supreme court has relied upon section 344 of the Restatement (Second) of Torts in cases involving claims that business invitors were liable for physical harm to invitees caused by third parties. See, *e.g*., *Marshall*, 222 Ill. 2d at 438; *Hills v. Bridgeview Little League Ass'n*, 195 Ill. 2d 210, 243-44 (2000). Accordingly, as in *Mulligan*, we follow the language of section 344 and decline to extend the duty described therein to cases that do not involve physical harm.

¶ 13        Heartland owed plaintiff no duty to protect him from the theft of his iPhone by third persons. Accordingly, plaintiff's complaint failed to state a claim of negligence, and the case against Heartland was properly dismissed by the trial court.

¶ 14        With regard to BKC, the franchisor, we also find that no duty existed. No legal duty based on a "special relationship," such as business invitor/business invitee, exists between a franchisor and a business invitee. *Castro v. Brown's Chicken & Pasta, Inc*., 314 Ill. App. 3d 542, 547 (2000). In the absence of such a special relationship, liability may still be imposed for negligent performance of a voluntary undertaking, such as a voluntary undertaking to provide security. *Id*. Whether a defendant has voluntarily undertaken a legal duty to a plaintiff seeking to bring a negligence action is a question of law. *Id*. Here, plaintiff alleged in his complaint that defendants did not provide manned security in the restaurant where his iPhone was stolen. In light of this allegation, which must be taken as true when reviewing the sufficiency of a complaint, we cannot find that BKC voluntarily undertook such a legal duty. Accordingly, defendant failed to state a cause of action for negligence against BKC and the trial court properly dismissed the case against it.

¶ 15        For the reasons explained above, we affirm the judgment of the circuit court of Cook County.

¶ 16        Affirmed.