2024 IL App (1st) 230615-U

No. 1-23-0615

Order filed June 11, 2024

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| TAMEKA HUGGINS and CYNTHIA GRAY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 2022 M1 300539 |
| THE BOARD OF EDUCATION OF THE CITY OF | ) | |
| CHICAGO and CRYSTAL DORSEY-TURNER, | ) | |
| Principal, | ) | Honorable |
| | ) | John A. Simon, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Howse and Justice McBride concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's order granting defendants' motion to dismiss plaintiffs' amended complaint with prejudice is affirmed.

¶ 2    Plaintiffs, Tameka Huggins and Cynthia Gray, appeal *pro se* from an order of the circuit court granting the motion of defendants, the Board of Education of the City of Chicago (Board) and Crystal Dorsey-Turner, to dismiss their amended complaint with prejudice pursuant to section

2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2022)). On appeal, Huggins and Gray, in separate briefs, contend that the circuit court erred in dismissing the case and determining that the defendants were immune from their underlying claims. For the reasons that follow, we affirm.

¶ 3    The following background is derived from the limited record on appeal, which does not include any reports of proceedings.

¶ 4    On May 4, 2022, Huggins and Gray filed a *pro se* complaint against "Higgins School" and its principal, Dorsey-Turner, in which they checked boxes indicating that the case involved personal injury and breach of contract "verbally." Factually, they alleged that their son/grandson had a coat stolen from a classroom and had "other incidents of injury," and that they were never called to come to the school to pick him up. They asserted they had experienced pain and suffering and "discrimination between right and wrong." As relief, they sought $5,000.

¶ 5    Dorsey-Turner and the Board filed an appearance, in which the Board indicated it had been incorrectly named as "Higgins School." Dorsey-Turner and the Board also filed a motion to dismiss. The circuit court granted the motion, dismissing the complaint without prejudice.

¶ 6    Huggins and Gray filed an amended *pro se* complaint on October 21, 2022, again naming Dorsey-Turner and "Higgins School" as defendants. The amended complaint consisted of one paragraph, alleging as follows:

"Higgins School, and Principal Mrs. Crystal Dorsey Turner ha[ve] caused negligence, pain and suffering, and discrimination between right and wrong, injury to my son['s] finger. Mrs. Crystal Dorsey Turner has breached the verbal agreements that we had

several times which has caused negligence on her and Higgins School while my son which is 6 yrs old was under the[ir] care at school."

¶ 7    Dorsey-Turner and the Board filed a motion to dismiss the amended complaint with prejudice pursuant to sections 2-615 and 2-619 of the Code. 735 ILCS 5/2-615, 2-619 (West 2022)). They argued that the complaint should be dismissed pursuant to section 2-615 because (1) Huggins and Gray had failed to allege sufficient facts to state a cause of action; and (2) the existence of two plaintiffs was redundant where neither alleged any injury to themselves but, rather, injury to a child on whose behalf the complaint appeared to have been filed.

¶ 8    Dorsey-Turner and the Board argued that the complaint should be dismissed pursuant to section 2-619 because, unless they were guilty of "willful and wanton conduct in [their] supervision," they were immune from Huggins and Gray's claims of negligence under section 3-108(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/3-108(a) (West 2022)). They further argued that any claims against "Higgins School" should be dismissed pursuant to section 2-619 because there is no legal entity named "Higgins School" and, under section 34-2 of the School Code (105 ILCS 5/34-2 (West 2022)), lawsuits concerning public schools in cities with a population exceeding 500,000 should be filed against the Board of Education of that city.

¶ 9    Huggins and Gray filed a response to the motion to dismiss, alleging that they had asked Dorsey-Turner to let them know "if something happens" to the child, and that she said, "[I] am responsible for my staff." They also described the child's report to them that he injured his finger when another child pushed him off a scooter in the school gym, and asserted that a teacher texted

the next day to say the child had fallen. According to Huggins and Gray, the child was in pain for four to five days and had to see a doctor.

¶ 10    On March 20, 2023, the circuit court entered a written order granting the motion to dismiss the amended complaint with prejudice pursuant to section 2-619(a)(2), on the basis that Dorsey-Turner and the Board were immune from Huggins and Gray's negligence claims under section 3-108(a) of the Tort Immunity Act (745 ILCS 10/3-108(a) (West 2022)). Huggins and Gray filed a timely notice of appeal on April 5, 2023.

¶ 11    On June 30, 2023, Huggins and Gray filed an appellants' brief. Dorsey-Turner and the Board moved to strike the brief. This court granted the motion, giving Huggins and Gray additional time to file a brief in compliance with Illinois Supreme Court Rules. On November 16, 2023, Huggins and Gray filed a new brief. Again, Dorsey-Turner and the Board moved to strike the brief, and we granted the motion and gave Huggins and Gray additional time to file a brief in compliance with Illinois Supreme Court Rules.

¶ 12    Huggins and Gray have now filed separate appellate briefs in this court. Huggins contends in her brief that the circuit court made a mistake in finding that Dorsey-Turner and the Board are immune from their negligence claims and dismissing the case with prejudice. She argues that, although she and Gray had verbal agreements with Dorsey-Turner that they would be informed if the child was hurt, they were not notified when his finger was injured on April 7, 2021 (*sic*). Similarly, in her brief, Gray contends that the circuit court made a mistake in dismissing the case with prejudice and finding Dorsey-Turner and the Board immune from their claims of negligence. She argues that she and Huggins had verbal agreements to be notified if anything happened to the child, and that, on April 7, 2021 (*sic*), he came home from school with an injured finger.

¶ 13 Huggins and Gray have attached to their briefs photographs of the child's finger and an after-visit summary from an emergency room, dated April 8, 2022, indicating that the child's injury was treated with an antibiotic ointment. The photographs and after-visit summary are included in the record on appeal as exhibits, although it is unclear which pleading they were filed to support. In their reply briefs, Huggins argues that the appellees were "not supervising the children like they [were] suppose[d] to have been," and both Huggins and Gray stress that no one notified them of the child's injury until the next day.

¶ 14 As an initial matter, we address Dorsey-Turner and the Board's argument that Huggins's and Gray's briefs should be stricken and the appeal dismissed for failure to comply with Illinois Supreme Court Rules 341(h)(1), (3), (4), (6), (7) (eff. Oct. 1, 2020), and 342 (eff. Oct. 1, 2019).

¶ 15 We agree with Dorsey-Turner and the Board that Huggins's and Gray's briefs are lacking in multiple respects. Most relevant here, Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires that an appellant's brief contain reasoned argument supported by citations to the authorities and the pages of the record relied on. We are entitled, as a reviewing court, to have the issues on appeal clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5. "A failure to cite relevant authority violates Rule 341 and can cause a party to forfeit consideration of the issue." *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23. Moreover, when an appellant fails to comply with Rule 341, this court may strike the brief and dismiss the appeal. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. An appellant's *pro se* status does not relieve her of the obligation to comply with Rule 341. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7.

¶ 16    Here, Huggins's and Gray's briefs lack cohesive legal arguments, reasoned bases for their contentions, citations to the record, and citations to authorities. In these circumstances, we would be justified in striking their briefs and dismissing the appeal. *Holzrichter*, 2013 IL App (1st) 110287, ¶ 77. However, while the insufficiency of Huggins's and Gray's briefs hinders our review, meaningful review is not completely precluded, as, for the most part, the merits of the case can be ascertained from the record on appeal. Further, this court may entertain the appeal of a party who files an insufficient brief "so long as we understand the issue [the party] intends to raise and especially where the court has the benefit of a cogent brief of the other party." *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). In this case, Dorsey-Turner and the Board have filed a cogent brief, and it is clear that Huggins and Gray are challenging the circuit court's granting of the motion to dismiss their amended complaint. Accordingly, we choose to reach the merits of the appeal.

¶ 17    Section 2-619(a)(9) of the Code allows for involuntary dismissal where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2022). An "affirmative matter" in a section 2-619 motion to dismiss is one that negates the plaintiff's cause of action. *Doe v. Chicago Board of Education*, 339 Ill. App. 3d 848, 853 (2003). Immunity under the Tort Immunity Act is an affirmative matter that may be raised in a section 2-619(a)(9) motion to dismiss. *Id.*

¶ 18    When ruling on a motion to dismiss pursuant to section 2-619, the circuit court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Id.* The resolution of a motion to dismiss pursuant to section 2-619 involves a question of law that we review *de novo*. *Id.*

¶ 19    Further, a court may dismiss a complaint with prejudice pursuant to section 2-619 when it is "apparent that the plaintiff can prove no set of facts that will entitle him or her to recover." *Bruss v. Przybylo*, 385 Ill. App. 3d 399, 405 (2008). Whether a complaint may be dismissed with prejudice, that is, without granting leave to amend, is a decision within the circuit court's discretion. *Blazyk v. Daman Express, Inc.*, 406 Ill. App. 3d 203, 209 (2010); *Addison v. Distinctive Homes, Ltd.*, 359 Ill. App. 3d 997, 1003 (2005) (a plaintiff has no absolute right to amend a pleading). Therefore, we review a circuit court's decision to dismiss a complaint with prejudice for an abuse of discretion. *Bruss*, 385 Ill. App. 3d at 405. A circuit court abuses its discretion when its ruling is arbitrary or fanciful or where no reasonable person would take the view adopted by the circuit court. *Rodgers v. Cook County*, 2013 IL App (1st) 123460, ¶ 33.

¶ 20    After reviewing the record, we find that the court did not abuse its discretion in dismissing Huggins and Gray's amended complaint with prejudice because they did not allege conduct on the part of Dorsey-Turner or the Board which would exclude them from immunity under the Tort Immunity Act.

¶ 21    In their amended complaint, Huggins and Gray alleged that negligence on the part of Dorsey-Turner and "Higgins School" caused an injury to the child's finger while he was under their care. We characterize this allegation as asserting a lack of supervision. As such, section 3-108 of the Tort Immunity Act (titled "Willful and wanton conduct concerning supervision of an activity or use of property") applies. *Brooks v. McLean County Unit District No. 5*, 2014 IL App (4th) 130503, ¶¶ 35-36; *Doe*, 339 Ill. App. 3d at 856. Section 3-108 provides as follows:

"(a) Except as otherwise provided in this Act, neither a local public entity nor a public employee who undertakes to supervise an activity on or the use of any public

property is liable for an injury unless the local public entity or public employee is guilty of willful and wanton conduct in its supervision proximately causing such injury.

(b) Except as otherwise provided in this Act, neither a local public entity nor a public employee is liable for an injury caused by a failure to supervise an activity on or the use of any public property unless the employee or the local public entity has a duty to provide supervision imposed by common law, statute, ordinance, code or regulation and the local public entity or public employee is guilty of willful and wanton conduct in its failure to provide supervision proximately causing such injury." 745 ILCS 10/3-108 (West 2022).

¶ 22    To bring a complaint within the scope of the exclusion from immunity for willful and wanton conduct, a plaintiff must properly allege such conduct on the part of the defendant. *Doe*, 339 Ill. App. 3d at 856. "To properly plead willful and wanton misconduct, a plaintiff must allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff." *Id.* at 857.

¶ 23    Here, Huggins and Gray's amended complaint contains no more than a bare allegation that negligence on the part of Dorsey-Turner and "Higgins School" caused an injury to the child's finger. Huggins and Gray did not allege any facts to show a deliberate intention to harm the child or an utter indifference to or conscious disregard for his welfare. Even when responding to the motion to dismiss the amended complaint—in which Dorsey-Turner and the Board asserted they were immune unless they were guilty of "willful and wanton conduct in [their] supervision"— Huggins and Gray did not allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the child. Rather, they only alleged that they had asked

Dorsey-Turner to let them know "if something happens" to the child, that Dorsey-Turner said she was responsible for her staff, that the child reported he was injured when another child pushed him off a scooter in the school gym, and that a teacher texted the next day to say the child had fallen. These allegations simply do not demonstrate willful or wanton conduct in supervision proximately causing an injury. *Brooks*, 2014 IL App (4th) 130503, ¶¶ 40, 42 (general allegations of a failure to supervise student activities do not establish willful and wanton conduct for purposes of section 3-108 of the Tort Immunity Act).

¶ 24    Where Huggins and Gray failed to allege any facts showing willful and wanton conduct so as to bring their complaint within the scope of the exception from immunity, the circuit court properly dismissed their amended complaint pursuant to section 2-619(a)(9). See *id.* ¶¶ 9, 40, 42. Moreover, where the circuit court had already allowed Huggins and Gray to amend their complaint once, and where they did not allege any willful and wanton conduct in their response to the motion to dismiss, we cannot find that the court abused its discretion in granting the motion to dismiss the amended complaint with prejudice. See *Addison*, 359 Ill. App. 3d at 1000, 1003-04 (where, *inter alia*, the plaintiffs were given prior opportunities to amend, the circuit court did not abuse its discretion in dismissing their claims with prejudice); *Gaylord v. Presence Pain Care*, 2023 IL App (3d) 210572-U, ¶¶ 11, 23 (the circuit court did not abuse its discretion in dismissing the amended complaint with prejudice "on *** 2-619 grounds" where the plaintiff had a previous opportunity to amend his claims but failed to suggest any new facts or legal theory to support a viable cause of action); Ill. S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023) (nonprecedential orders entered on or after January 1, 2021, may be cited for persuasive purposes).

¶ 25    For the reasons explained above, we affirm the judgment of the circuit court.

¶ 26    Affirmed.