2025 IL App (1st) 241523-U

No. 1-24-1523

Order filed July 17, 2025

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MICHAEL CARSELLA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 2024 M1 701802 |
| SEAN CHARLES, TIFFANY REYES, | ) | |
| and ALL UNKNOWN OCCUPANTS, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Perla Tirado, |
| (Sean Charles, Defendant-Appellant). | ) | Judge, presiding. |

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Rochford and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The trial court's judgment is affirmed where defendant failed to comply with the requirements of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) as to the contents of his appellant's brief and failed to present an adequate record on appeal.

¶ 2     Defendant Sean Charles (also identified in various pleadings as Sean Raymond Charles and Shawn Raymond Charles) appeals *pro se* from an eviction order entered by the trial court,

after a contested hearing or trial, granting possession of an apartment unit to plaintiff, Michael Carsella. On appeal, Charles contends that his request for a 12-person jury trial was improperly denied because he timely filed a jury demand, his due process rights were violated because the trial court failed to provide him with adequate notice of hearings that took place after he filed his notice of appeal and after the court ruled on his posttrial motions, and the trial court improperly denied his posttrial motions. Because Charles failed to comply with the requirements of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) as to the contents of his appellant's brief and failed to present an adequate record on appeal, we affirm.

¶ 3    The following background is derived from the limited record on appeal, which does not include a report of proceedings.

¶ 4    On January 30, 2024, Carsella filed a complaint against Charles, Tiffany Reyes, and all "unknown occupants" of an apartment in Chicago, claiming he was entitled to possession of the premises. Carsella stated in the complaint that he had terminated the defendants' lease for nonpayment of rent.

¶ 5    On May 21, 2024, Charles filed a "Motion to Accept Appearance and Jury Trial Request." In an attached letter to the court, Charles asserted that he had previously requested a 12-person jury trial but that his prior request "was not adequately addressed." Charles requested a hearing to address the matter. On May 22, 2024, Charles filed a motion to sever his case from Reyes's. On May 23, 2024, Charles filed a "Motion to Assert Defense of Implied Warranty of Habitability" and a document titled "Appearance," which was stamped with the words "Twelve Jurors Jury."

¶ 6    On May 24, 2024, the trial court entered an order setting time frames for Carsella to respond to Charles's motions and for Charles to reply. The court continued the case to June 17, 2024, for a hearing on Charles's motions.

¶ 7    On May 28, 2024, Carsella filed a response. On the same date, Charles filed a "Motion to Accept Late Submission of Evidence," attaching, *inter alia*, a document alleging that he was being harassed and threatened by Reyes. On June 5, 2024, Charles filed a "Motion to: Respond to Plaintiff order by 6-6-2024," asserting, among other things, that he had not received a response from Carsella and that he had "serious concerns about judicial impartiality and respect for due process."

¶ 8    On June 17, 2024, the trial court entered a written order. The court defaulted Reyes and, as a result, found Charles's motion for severance moot. The court declined to reconsider what it termed its "Denial of [Charles's motion] to Accept Late Jury Demand," struck Charles's motion to submit late trial exhibits as premature, and continued the case to July 11, 2024. On July 11, 2024, the trial court entered an order transferring the case to another judge.

¶ 9    On July 17, 2024, following a bench trial where Carsella was represented by counsel and Charles appeared *pro se*, the trial court entered a written order, ruling, in relevant part, as follows:

> "The court enters a judgment in favor of [Carsella]. An order of possession is granted with a seven day stay from today's date. Monetary damages are limited to $2,550 as indicated in the 5 day notice. There was no testimony presented to indicate the full amount due, indicating the number of months that had not been paid and the monthly rental amount. [Charles] did not dispute the existence of unpaid rent. [Charles] did not question the witness as to the monthly rental amount or present any evidence that payments had

been made after the 5 day notice had been tendered. The Court found the testimony of [Carsella's] witness to be credible.

[Charles] was admonished prior to trial that if he chose to represent himself, he would be held to the same standard as an attorney. [Charles] argued that there was a violation of the Chicago Residential Landlord and Tenant Ordinance. He attempted to question [Carsella] about photographs he had taken of a water heater and a staircase. However, [Charles] failed to file any affirmative defenses in support of his argument that the premises were uninhabitable. [Charles] testified about the conditions of the premises as being uninhabitable. However, he failed to present any evidence that he had exercised his right to withhold rent, based on the conditions of the premises, by providing the landlord with a 14 day written notice."

¶ 10 On July 19, 2024, the trial court entered a written eviction order, ruling that, after a "contested hearing or trial" at which Carsella, Carsella's counsel, and Charles were present in court, Carsella was given possession of the property in question. The court further ordered that Charles must move out of the property on or before July 26, 2024, and that Carsella was owed $3019 in rent and court costs.

¶ 11 On July 25, 2024, Charles, *pro se*, filed an emergency motion to stay the eviction order, a motion for a new trial, a motion to reconsider the eviction order, and a notice of appeal from the July 19, 2024, eviction order.

¶ 12 On August 9, 2024, the trial court entered a written order noting Charles's three posttrial motions and notice of appeal, setting dates for Carsella to respond to the motions and for Charles

to reply, and scheduling a hearing "on these matters" for August 28, 2024. Carsella thereafter filed a response, and Charles filed a reply and a motion to strike Carsella's response.

¶ 13    On August 28, 2024, the trial court entered a written order denying Charles's posttrial motions, ordering Charles not to bring any more posttrial motions, and ordering the Cook County Sheriff to proceed with the eviction. The order stated that the hearing on Charles's posttrial motions was held over Zoom video conference, plaintiff was present with counsel, and Charles was not present.

¶ 14    In his *pro se* notice of appeal, Charles indicated that he was appealing the July 19, 2024, eviction order and that, as relief, he wanted the eviction order vacated and wanted this court to "Allow all evidence submitted to room 1406 by [Charles] as evidence at trial and Allow a 12 person jury trial accordingly and allow [Carsella's] testimony of receipt of written notification of inhabitability in Dec of 2023 as notice." In an attached document, Charles alleged, in detail, that the trial court had committed procedural errors, that he was denied due process, that evidence was improperly excluded, and that his request for a jury trial was wrongly denied. As relief, he requested that the eviction order be reversed, that the eviction order be stayed pending appeal, and that a new trial be ordered.

¶ 15    In his *pro se* brief, Charles sets forth the factual background of the case and identifies three issues on appeal. First, he contends that his request for a 12-person jury trial was improperly denied because he timely filed a jury demand on April 12, 2024, "before the continuation of the second hearing." He asserts that the court's decision to deny the request was "based on a misinterpretation of the timing rules." Second, he contends that his due process rights were violated because the trial court failed to provide him with adequate notice of hearings on October 7, 2024, and October 15,

2024. Third, he contends that the trial court improperly denied his posttrial motions "due to a brief delay in logging into the hearing," and that the court denied the motions without giving proper consideration to the substantive issues. As relief, Charles seeks reversal of the eviction order and remand for a new trial, "ensuring the seating of a jury as requested."

¶ 16 This court has jurisdiction under Illinois Supreme Court Rule 303(a)(2) (eff. July 1, 2017).

¶ 17 Our meaningful review of the issues Charles raises is hindered by his failure to meet the requirements of Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020) regarding the content of appellants' briefs. Most relevant here, Rule 341(h)(7) requires that an appellant's brief contain reasoned argument supported by citations to the authorities and the pages of the record relied on. We are entitled, as a reviewing court, to have the issues on appeal clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5. An appellant's *pro se* status does not relieve him of the obligation to comply with Rule 341. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7.

¶ 18 Charles's brief consists primarily of a lengthy recitation of facts and grievances. It does not contain cohesive legal arguments, reasoned bases for its contentions, any citations to the record, or any citations to authorities. "The appellate court is not a depository in which the appellant may dump the burden of argument and research." *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). Arguments that are not supported by citations to authority fail to meet the requirements of Supreme Court Rule 341(h)(7) and are procedurally defaulted. *Vilardo v. Barrington Community School District 220*, 406 Ill. App. 3d 713, 720 (2010). Similarly, where a party fails to provide cohesive legal arguments or reasoned bases for his or her contentions, they

are forfeited. *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 6. Given the inadequacy of Charles's brief, we find his contentions to be forfeited.

¶ 19    To the extent that Charles's contentions on appeal could be found to have survived procedural default, our review is impeded by the inadequacy of the record.

¶ 20    Charles has not included in the record on appeal any transcripts of proceedings nor any acceptable substitutes, such as a bystander's report or an agreed statement of facts pursuant to Illinois Supreme Court Rule 323 (eff. July 1, 2017). Our supreme court has long held that, in order to support a claim of error on appeal, the appellant has the burden to present a sufficiently complete record and that any doubts arising from an incomplete record must be resolved against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of transcripts or acceptable substitutes, it is presumed that the trial court acted in conformity with the law. *Doe v. Parrillo*, 2021 IL 126577, ¶ 71.

¶ 21    Charles does not appear to be challenging the substantive basis for the eviction order. Rather, his contentions involve whether he was improperly denied a 12-person jury trial, whether he was given adequate notice of hearings that took place after the court ruled on his posttrial motions and his notice of appeal became effective, and whether the court improperly denied his posttrial motions "due to a brief delay in logging into the hearing," instead of ruling on the substance of his arguments. Charles has provided no records that would allow us to conduct meaningful review of these matters. We can find no support in the record for Charles's contentions and, therefore, cannot find that any error occurred. See, *e.g.*, *In re Marriage of Pavlovich*, 2019 IL App (1st) 172859, ¶ 20 (where the appellant provided a "meager record" and no transcript of proceedings, this court assumed that the trial court's actions conformed with the law).

¶ 22 In summary, Charles has failed to provide reasoned bases for his contentions, citations to the record, and citations to pertinent authorities, rendering his contentions procedurally defaulted. In addition, to the extent that Charles's contentions may have survived forfeiture, in the absence of an adequate record, we cannot find that the trial court erred.

¶ 23 For the reasons explained above, we affirm the judgment of the trial court.

¶ 24 Affirmed.